UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEFFREY SCHLEIGH | CIVIL ACTION NO. 20-cv-0102 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| P T C OF LOUISIANA L L C ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Jeffrey Schleigh ("Plaintiff") filed this redhibition claim in federal court on the basis of diversity jurisdiction, which requires him to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy greater than $75,000. The undersigned entered an order (Doc. 3) instructing Plaintiff to amend his complaint to specifically allege the citizenship of the members of PTC of Louisiana, LLC ("PTC"). Alternatively, the order stated that PTC could include its citizenship information in its answer to the complaint.

PTC filed its answer (Doc. 23) and included a statement of jurisdiction, which states:

> As set forth in its Rule 7.1 Disclosure Statement, filed March 5, 2020 (Rec. Doc. 17), Defendant PTC of Louisiana, LLC is wholly owned by its parent company, DPTC Holdings, LLC, a limited liability company domiciled in the State of Delaware. Adding to the disclosures set forth in its earlier filing, PTC advises this Court that, upon information and belief, DPTC Holdings, LLC, is, in turn, wholly owned by Dobbs PTC Holdings, LLC, a limited liability company domiciled in the State of Delaware. Dobbs PTC Holdings, LLC, is privately held and, upon information and belief, is owned by a series of Trusts and individual members. Due to the ongoing COVID-19 pandemic, undersigned counsel have been unable to confirm the exact identities and states of citizenship of the LLC's members and will need additional time with which to supplement this information. Undersigned counsel will supplement their earlier Rule 7.1 Disclosure Statement (Rec. Doc. 17) as soon as practicable.

Subject matter jurisdiction must be established before the court can address the merits of the case. PTC is allowed until **June 15, 2020** to supplement the information regarding its citizenship in accordance with the rules outlined in the prior memorandum order (Doc. 3).

The citizenship of PTC must be alleged with specificity, and language such as "wholly owned" and "parent company" lack that specificity. Is the owner the sole member of the LLC? It might be, or it might be the owner of another entity or entities that in turn "wholly own" the company at issue. References to parent companies are not much better. A parent company is not necessarily the sole member of an LLC; it may just own enough interest to control the management and operation of the company. There may be one or more non-parent members whose citizenship would be relevant. The use of precise language will avoid doubt about jurisdictional issues. Accordingly, PTC must file an amended answer that clearly and specifically alleges the identity of its members and their citizenship, through the various organizational layers.

PTC's answer indicates that a number of trusts are involved. The citizenship of an ordinary trust is usually that of its trustee, but there are other rules depending on the precise form of the trust. Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (2016) (for a business-type trust that is a separate unincorporated legal entity, diversity jurisdiction depends on the citizenship of all of its members, but for a traditional trust only the citizenship of the trustee is relevant); Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 n. 6 (5th Cir.2009) (the "citizenship of a trust is that of its trustee"); and Wetz v. PNC Mortgage, 2016 WL 7443286 (N.D. Tex. 2016) (applying Americold). Accordingly, PTC

will need to identify the nature of the trusts and, if they are ordinary trusts, identify the trustee and allege its citizenship with specificity.

Plaintiff is a citizen of Alabama, so if any person or entity anywhere in the complex ownership of PTC shares Alabama citizenship, the court will lack subject matter jurisdiction. Plaintiff is reminded that dismissal for lack of jurisdiction may mean this action did not interrupt the running of prescription. See Doc. 3.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of May, 2020.

Mark L. Hornsby
U.S. Magistrate Judge