UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JEFFREY SCHLEIGH                                CIVIL ACTION NO. 20-cv-0102

VERSUS                                          JUDGE ELIZABETH E. FOOTE

P T C OF LOUISIANA L L C ET AL                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Jeffrey Schleigh ("Plaintiff") filed this redhibition claim in federal court based on diversity jurisdiction. The court issued an order that explained the need for additional information about the citizenship of the members of defendant PTC of Louisiana, LLC ("PTC"). PTC included some information in its answer (Doc. 23), indicated that trusts were involved, and asked for more time to supplement the information.

The court issued another order (Doc. 29) that granted PTC time to investigate and supplement. The order also explained how to assess the citizenship of a trust: The citizenship of an ordinary trust is usually that of its trustee, but there are other rules depending on the precise form of the trust. Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (2016) (for a business-type trust that is a separate unincorporated legal entity, diversity jurisdiction depends on the citizenship of all of its members, but for a traditional trust only the citizenship of the trustee is relevant); Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 n. 6 (5th Cir.2009) (the "citizenship of a trust is that of its trustee"); and Wetz v. PNC Mortgage, 2016 WL 7443286 (N.D. Tex. 2016) (applying Americold).

Accordingly, PTC was instructed to identify the nature of the trusts and, if they are ordinary trusts, identify the trustee and allege its citizenship with specificity.

PTC filed an amended answer (Doc. 30) that traced its citizenship to an LLC, the members of which are four individuals and three trusts. PTC alleged the citizenship of the individuals. But it did not, as required by the order, "identify the trustee and allege its citizenship with specificity" for any of the three trusts. PTC instead discussed the "situs" of each trust based on the state law where each was organized, but that is not what federal law looks to when assessing citizenship.

PTC is directed to file a response to this order by **June 26, 2020** that, with respect to the three trusts at issue, (1) identifies the trustee of each and (2) alleges its citizenship with specificity. If the trustee is an individual, his or her domicile (not mere residency) determines his or her citizenship. If the trustee is an LLC or other unincorporated association, the applicable rules for alleging citizenship were discussed in the prior order (Doc. 3). If the trustee is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff (a citizen of Alabama) filed this case in federal court based on diversity jurisdiction, so the burden is on him to present the facts that demonstrate complete diversity. But Plaintiff likely lacks access to the information, so the court has directed PTC to provide it to avoid the cost and delay of discovery on this preliminary issue of jurisdiction. The court will review the record after PTC responds to this order and assess whether there are facts to satisfy Plaintiff's burden.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of June, 2020.

                                                Mark L. Hornsby
                                                U.S. Magistrate Judge