UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEFFREY SCHLEIGH | CIVIL ACTION NO. 20-cv-102 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| PTC OF LOUISIANA, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Jeffrey Schleigh ("Plaintiff") alleges that he purchased a new 2019 Peterbilt 389 from PTC of Louisiana, LLC for a price of $163,000, plus considerable finance charges that brought the total cost to over $200,000. Plaintiff alleges that the truck was defective, and he asserts claims under Louisiana redhibition laws. See Amended Complaint (Doc. 42). Before the court is PTC's motion to strike Plaintiff's jury demand. For the reasons that follow, the motion to strike will be granted.

Paragraph 33 of Plaintiff's original and amended complaints assert a demand for trial by jury. PTC's original answer contained its own request for trial by jury, but in paragraph 59 of its answer to the amended complaint, PTC denied that Plaintiff is entitled to a trial by jury, and it suggested that the parties entered into a contract that called for trial by judge. Defendant Paccar Inc. included a request for jury trial in its answer. Doc. 45. The final defendant, Cummins, Inc., filed an answer (Doc. 46) to the amended complaint that does not appear to include a request for jury trial.

PTC stated in its answer to the amended complaint that it intended to file a motion to strike Plaintiff's jury demand. It soon filed the Motion to Strike Jury and Demand for

Trial by Judge (Doc. 48) that is now before the court. The motion is supported by a copy of a security agreement and retail installment contract on a Paccar Financial form. The agreement is between PTC and Plaintiff for the sale/purchase of the Peterbilt 389 truck. The final paragraph of the agreement, number 26, is titled, "Waiver of Jury Trial." The paragraph states that, except as otherwise provided by applicable law, buyer and seller each waive any right to have a jury participate in resolving any dispute, whether in contract, tort, or otherwise, related to the relationship established between them in connection with the contract. The parties also agreed that any such claim "shall be decided by court trial without a jury" and that either party could file a copy of the contract with the court "as written evidence of the consent of the parties hereto to the waiver of their right to trial by jury."

PTC argued in its motion that such contractual waivers are recognized by law and enforced if they are found to have been made knowingly and voluntarily. See MWK Recruiting, Inc. v. Jowers, 2020 WL 4370138 (W.D. Tex. 2020) and Whitney National Bank v. Boylston, 2009 WL 2423957 (W.D. La. 2009). The agreement at issue was signed by Plaintiff at the end, and he initialed each page, including the page that contains the waiver.

PTC stated in its motion to strike that, at the time of filing, it was uncertain as to whether Plaintiff opposed the motion. The court noticed the motion for briefing, with any opposition due within 14 days. More than 30 days passed, and no party has filed an opposition to the motion. PTC has made an uncontested showing that Plaintiff waived his right to a jury trial with respect to this dispute. Accordingly, the **Motion to Strike Jury**

**and Demand for Trial by Judge (Doc. 48)** is **granted**. Plaintiff's request for jury trial is stricken, and the trial scheduled for November 8, 2021 is converted to a bench trial to be conducted and decided by Judge Foote.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this the 23rd day of March, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge