UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| JEFFREY SCHLEIGH | CIVIL ACTION NO. 20-102 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| PTC OF LOUISIANA LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Defendant Cummins Inc.'s ("Cummins") motion to dismiss the crossclaim claim filed against it by PTC of Louisiana, LLC ("PTC") in this redhibition action. Record Document 55. For the reasons stated herein, Cummins's motion [Record Document 55] is **DENIED**.

I.  **Background**

This case stems from an allegedly defective Peterbuilt truck. Record Document 42. Invoking the Court's diversity jurisdiction, Plaintiff filed suit against PTC, Cummins, and PACCAR, Inc. ("PACCAR") pursuant to Louisiana redhibition laws. *Id.* at 11-12. Plainitff alleges that PACCAR is the manufacturer and final assembler of the truck, that Cummins manufactured the engine in the truck, and that PTC sold him the truck. *Id.*

In February 2021, PTC filed a crossclaim against PACCAR and Cummins pursuant to Federal Rule of Civil Procedure 13(g). Record Document 54. In the crossclaim, PTC claims that it is entitled to indemnity from Cummins per Louisiana Civil Code article 2531.[1]

---

[1] PTC's crossclaim against PACCAR is premised on Louisiana Civil Code article 2531 and an alleged contractual obligation. Record Document 54 at 4-5.

1

*Id.* at ¶s 28-29. In response, Cummins filed the instant motion to dismiss.[2] Record Document 55.

After the motion was ripe for review but before the Court ruled, Plaintiff voluntarily dismissed PTC as a Defendant in this matter. Record Document 69. The order granting the voluntary dismissal expressly reserved PTC's crossclaim against Cummins and PACCAR. *Id.* In light of the fact that PTC was no longer a Defendant in this matter, the Court permitted Cummins to supplement its motion to dismiss, and PTC filed a supplemental opposition. Record Documents 72 and 75. The motion is now ripe for review.

## II. Law and Analysis

### A. Rule 12(b)(6) Standard

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true

---

[2] PACCAR filed an answer to the crossclaim and has not filed a motion to dismiss. Record Document 56.

2

a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558. A court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott*, 635 F.3d at 763 (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

### B.   PTC's Statutory Crossclaim

PTC's crossclaim against Cummins asserts that Cummins must indemnify PTC pursuant to Louisiana Civil Code article 2531, which provides that a "seller who is held liable for a redhibitory defect has an action against the manufacturer of the defective thing, if the defect existed at the time the thing was delivered by the manufacturer to the seller, for any loss the seller sustained because of the redhibition."

Cummins argues that PTC's crossclaim must be dismissed for two main reasons. First, it asserts that PTC's crossclaim for indemnity under Louisiana Civil Code article 2531 is premature because the product at issue in this action has not been found defective and because PTC has not been held liable for the defect. Record Document 55-1 at 4. Second, it contends that because PTC has now been dismissed as a Defendant in this matter, there

is no longer even a possibility that PTC will be held liable for the alleged defect. Record Document 72.

In response, PTC argues that its crossclaim against Cummins was not premature because the claim is authorized by Federal Rule of Civil Procedure 13(g). Record Document 58 at 2. It argues that its dismissal as a Defendant in this matter does not mean that its crossclaim must be dismissed because even though PTC can no longer be held liable for the alleged defect, it still incurred attorney's fees which it is entitled to recover. Record Document 75 at 3.

The Court turns first to whether PTC's crossclaim must be dismissed because it was filed prematurely. Federal Rule of Civil Procedure 13(g) authorizes a party to:

> state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

Fed. R. Civ. P. 13(g). Despite this rule clearly authorizing crossclaims such as PTC's, Cummins argues that dismissal is required because under Louisiana law, an indemnity claim does not arise until there is a determination of liability causing loss or damage. Record Document 60 at 1 (citing *Willis v. Frozen Water, Inc.*, 2015-0900 (La. App. 1 Cir. 12/3/15); 2015 WL 9466625 and *Surie v. Lafayette City-Par. Consol. Gov't*, 04-1495 (La. 4/12/05); 907 So. 2d 37).

At least two other district courts in the Fifth Circuit have addressed whether Louisiana law precludes a party from bringing a crossclaim or impleading a party allegedly liable to indemnify it in federal court before the indemnitee has made payments or

4

sustained loss. *See Conrad Shipyard, L.L.C. v. Franco Marine 1 LLC*, 431 F. Supp. 3d 839, 848-49 (E.D. La. 2020); *Moser as Tr. of Tr. Under Amended Joint Plan of Liquidation of Tango Transp., LLC v. Navistar Int'l Corp.*, No. 4:17-CV-00598, 2019 WL 763480, at *4 (E.D. Tex. Feb. 20, 2019). In *Conrad Shipyard, L.L.C.*, the Eastern District of Louisiana explained that:

> In *Suire v. Lafayette City–Parish Consolidated Government*, 04–1459, 04–1460, 04-1466 (La. 4/12/05), 907 So. 2d 37, 51, the Louisiana Supreme Court held that "an indemnitor is not liable under an indemnity agreement until the indemnitee actually makes a payment or sustains losses." *Id.* Crucially, the *Suire* court's holding focused on when an indemnitor became liable, not when the indemnitee's claim became ripe. Subsequent Louisiana jurisprudence clarifies that "there is a distinction between the right to 'claim' indemnity and the right to 'collect' indemnity." *Reggio v. E.T.I.*, 07-1433, p. 11 (La. 12/12/08), 15 So. 3d 951, 960 (Weimer, J., concurring); *see Pizani v. St. Bernard Parish*, 2012-1084 (La. App. 4 Cir. 9/26/13), 125 So. 3d 546, 553; *Dean v. Entergy La., L.L.C.*, 10-887 (La. App. 5 Cir. 10/19/2010), 2010 WL 9447498 at *4 (unpublished).

*Conrad Shipyard, L.L.C.*, 431 F. Supp. 3d at 848. Based in part on that distinction, the court denied a motion to dismiss a third-party claim for indemnity for lack of subject matter jurisdiction. *Id.* at 848-49.

In *Moser*, a Texas district court analyzed numerous Louisiana cases and noted that, while there is conflicting caselaw, some Louisiana courts have distinguished between the right to collect indemnity and the right to claim indemnity. *Moser*, 2019 WL 763480, at *4. The *Moser* court therefore concluded that granting a motion to dismiss a crossclaim for indemnity as unripe because the indemnitee had not yet been forced to pay was "improper." *Id.*

This Court is persuaded by the reasoning of the other district courts to face this issue and holds that Cummins's motion to dismiss PTC's crossclaim for indemnity as

5

premature must be **DENIED** in this respect. While PTC does not have the right to collect indemnification at this time, there is Louisiana law which supports its right to assert its right to indemnification at this time. *See Pizani v. St. Bernard Par.*, 2012-1084 (La. App. 4 Cir. 9/26/13); 125 So. 3d 546, 552–55, *writ denied*, 2013-2601 (La. 2/7/14); 131 So. 3d 863; *Dean v. Entergy La., L.L.C.*, 2010-887 (La. App. 5 Cir. 10/19/10); 2010 WL 9447498, at *4.

The Court next addresses whether PTC's crossclaim must be dismissed because Plaintiff has dismissed its claims against PTC. Cummins asserts that dismissal is required because Article 2531 entitles a seller who is "held liable" to bring a claim for indemnity against a manufacturer and, by virtue of the fact that Plaintiff's redhibition claim against PTC has been dismissed with prejudice, there is no longer a possibility that PTC will be "held liable" for the alleged redhibitory defect. Record Document 72. PTC contends that its claim for indemnity remains valid despite its dismissal as a Defendant from the lawsuit because, as a good-faith seller, it is entitled to recover attorney's fees and costs. Record Documents 75 at 3. It argues that its dismissal as a Defendant "crystalize[d] that there can be no cognizable claim that PTC was not a seller in good faith." *Id.*

Louisiana courts have held that a seller is entitled to recover attorney's fees from a manufacturer. *Todd v. Precision Boilers*, No. CIVA 07-0112, 2008 WL 2700297, at *3 (W.D. La. July 10, 2008) (citing *Daigle v. Volkswagen of America, Inc.*, 580 So. 2d 722, 724 (La. App. 3 Cir. 1991); *Draten v. Winn Dixie of La., Inc.*, 94-0767 (La. App. 1 Cir. 3/3/95); 652 So. 2d 675). This is so even when the seller has not been held liable in the underlying redhibition suit. *Poche v. Bayliner Marine Corp.*, 632 So. 2d 1170, 1175 (La. App. 5 Cir.

6

1994) (citing *Holden v. Clearview Dodge Sales, Inc.,* 416 So. 2d 335 (La. App. 4 Cir. 1982), *writs denied,* 421 So. 2d 248 (La. 1982)). Thus, the fact that PTC has now been dismissed as a Defendant in this suit does not mean that it is not entitled to recover attorney's fees spent securing its dismissal. As such, Cummins's motion to dismiss is **DENIED** in this respect.

### III. Conclusion

For the reasons stated herein, Defendant Cummins Inc.'s motion to dismiss the crossclaim claim filed against it by PTC of Louisiana, LLC [Record Document 55] is **DENIED**. As discussed at the July 16, 2021 status conference, the deadline for the previously suspended discovery related to PTC's crossclaim is **SET** for **October 1, 2021**.

**THUS DONE AND SIGNED** this 30th day of August, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE